UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:13CR26 (AWT) |
| SEAN DORAN | : | July 22, 2013 |

### MEMORANDUM IN AID OF SENTENCING

On April 22, 2013, the defendant, Sean Doran, entered a plea of guilty to count one of the Indictment charging him with false information and hoax, in violation of 18 U.S.C. §1028(a)(1). In his guilty plea, the plea agreement and stipulation, and his petition to enter a guilty plea, Mr. Doran has accepted full responsibility for his criminal misconduct.

Mr. Doran is scheduled to be sentenced on August 1, 2013. He comes before this Court deeply remorseful for his conduct and fully aware of the wrongfulness of his actions. A term of imprisonment will not serve any purpose in this case. Mr. Doran is a very young, impulsive man who did a very stupid thing. He and the community would be better served by a lengthy term of supervision in the community which will allow Mr. Doran the opportunity to obtain his GED, to continue his current employment, to pursue drug treatment, and, once and for all, show that he is a young man who is capable and ready to be a productive member of the community. In advance of sentencing, he submits this memorandum to urge the Court, in the exercise of its duty to fashion a sentence tailored to be sufficient but not greater than necessary to serve the purposes of a sentence as set forth in 18 U.S.C. § 3553(a)(2). He respectfully requests that this Court impose a non-incarceration sentence.

### **ARGUMENT**

Pursuant to 18 U.S.C. § 3553, the Court is required to impose in each case a sentence that is "sufficient but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2). While the Sentencing Guidelines are no longer binding on the Court, the range suggested by the Guidelines must be considered in determining the appropriate sentence in a given case. *See United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). In this case, the parties agreed as part of the plea

agreement that a sentence within the advisory Guidelines range is reasonable.

The plea agreement contains a stipulation as to the proper calculation of the advisory Guidelines range in this case, and the PSR made the same calculations. The base offense level is 12. PSR ¶ 19. Four levels are subtracted pursuant to USSG §2A6.1(b)(6) because none of the preceding subdivisions of the guideline applied and Mr. Doran's actions involved a single instance evidencing little or no deliberation. If two levels are subtracted for acceptance of responsibility, the final adjusted offense level is 6. PSR ¶ 27. Mr. Doran's lack of criminal convictions places him in Criminal History Category I. PSR ¶ 30. At offense level 6, the Guidelines recommend a sentence of 0 to 6 months of incarceration. PSR ¶ 63. As Mr. Doran's guideline range is within Zone A of the Sentencing Table, a sentence of imprisonment is not required. PSR ¶ 63. The Guidelines recommend the a term of one to three years of supervised release. PSR ¶ 65. Additionally, Mr. Doran is eligible for a term of probation of one to five years. PSR ¶ 67.

In considering an appropriate sentence, the Court is required to consider "[t]he kinds of sentences available." 18 U.S.C. § 3553(a). In this case, probation is authorized by the applicable statutes. PSR ¶ 66. When evaluating the sufficiency of a particular sentence, the Court should also consider the very meaningful sanction imposed, and opportunities provided, by a term of probation or supervised release.

Both probation and supervised release, particularly when coupled with conditions such as drug testing, drug treatment, vocational training, mental health counseling, and regular reporting, is a serious penalty. Indeed, supervision, "although less severe than incarceration, is not a 'get-out-of-jail free card' either." *United States v. Pyles*, 272 Fed. Appx. 258, 262 (4th Cir. 2008). In this case, that dictate requires the Court to consider options other than prison time when it determines how Mr. Doran should be treated. The Supreme Court has recognized that supervision by the Probation Office is a substantial and serious punishment, subjecting defendants to "conditions that substantially restrict their liberty." *Gall v. United States*, 128 S. Ct. 586, 595 (2007).

The Court has the power to impose special conditions of probation or supervised release that will

further increase the punitive, deterrent and rehabilitative effects of the overall sentence that will be imposed. During his period of supervision, Mr. Doran should be required to participate in drug treatment. He will presumably be required to submit to regular drug testing. He will report regularly to a Probation Officer. He should be required to continue pursuing his GED and to maintain his current full-time, legitimate employment. Viewing the sentence as a whole, a sentence of probation is preferable to a term of incarceration. If the Court imposes a term of imprisonment, however brief, the maximum term of supervision that may follow is 3 years. If the Court alternatively imposes a term of probation, the term may be as long as five years, thereby keeping Mr. Doran under the Court and the Probation Office's watchful eye, giving him the chance to prove that he is truly committed to amending his behavior and conforming himself to the rules of society and is an appropriate and serious penalty for this case.

The Court is also directed to tailor a sentence in an effort "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). At the time of his arrest it was apparent that Mr. Doran needed to make significant changes to his lifestyle, including obtaining his GED, obtaining a valid driver's license, obtaining full-time, legitimate employment and attending substance abuse treatment. During the time that Mr. Doran has been on pre-trial release he has taken steps to address all of these concerns. He has secured employment and has remained at his current job since March. He has been attending classes to prepare himself to take the GED examination. He is trying to save up money in order to pay all of the fees and costs attendant with securing his driver's license. He has been attending drug treatment through the Rushford outpatient treatment center in Middletown following a positive drug test and since that time has rendered clean urine samples. While the Bureau of Prisons would provide *some* of these services, namely some form of drug treatment and GED training, if incarcerated Mr. Doran would, most importantly, lose his job. He would be unable to obtain a driver's license, a document many take for granted but one that is quite necessary for adults who live in this part of the country where public transportation is neither convenient nor readily available. Additionally, given the short term of

imprisonment he faces under the guidelines, it is likely that Mr. Doran will receive no services at all while in custody, and will simply be warehoused and released. This benefits neither the United States, nor this Court, nor Mr. Doran. Security and incapacitation are the primary goals of a prison, and rehabilitation, training and treatment are secondary, at best.

Under the statute the Court should consider the various purposes of a criminal sentence including punishment, protection of society, deterrence, both specific and general, and rehabilitation. All of these goals can most effectively be accomplished by a non-incarceration sentence. Mr. Doran does not dispute that his actions in this case were very serious. Given the recent tragedy that took place at Sandy Hook Elementary, the safety of our schools is an issue that is of primary concern. It should be noted, however, that Mr. Doran's actions, while thoughtless and childish, did not place any person at risk. The device Mr. Doran put on the school grounds was not a real explosive device and could not harm anyone. At the same time, in retrospect he understands that his actions caused significant concern by authorities at the school. The guidelines specifically take into consideration the impulsiveness of Mr. Doran's actions, providing for a 4-level decrease because the case involved no deliberation. Had Mr. Doran taken the time to consider his actions, he would not have behaved in such a thoughtless and immature fashion.

The goal of protection of society can more than adequately be attained through a term of probation rather than imprisonment. Mr. Doran's actions were motivated more by immaturity and drunkenness than malice. Mr. Doran is more than just a young man who did a thoughtless act. He is also someone who helps his neighbors with child care, snow shoveling and wood cutting. He is a hard and trustworthy worker. He is a dedicated student who appreciates the importance of furthering his education and he is a loyal, loving and dedicated son, grandson and brother. He has demonstrated since his arrest that he has the ability to behave with responsibility and maturity, by taking steps to improve himself with education and employment. There is no need to imprison Mr. Doran in order to protect society. Further, with respect to the goal of deterrence, simply the fact of his arrest and the time he has spent on pre-trial release with the attendant conditions of release have been sufficient to deter Mr. Doran from engaging in any further foolish behavior of this nature. Surely a sentence of a significant term of probation would

also be sufficient to deter other young people from engaging in such childish pranks as well.

Finally, the goal of rehabilitation is best served by a sentence which allows Mr. Doran to remain in the community. If the goal of the criminal justice system is to help to rehabilitate offenders and thereby turn them in to law-abiding and productive members of society, Mr. Doran is already well on his way to that goal. He has managed to secure employment at a time when it is very difficult to find employment and he has maintained his job while simultaneously attending classes to obtain his GED. He is doing what he needs to do to be a mature and responsible adult. Any term of imprisonment will be detrimental to the progress he has already made. There is no need to cause Mr. Doran to lose his job and the progress he's made toward his GED simply to have him sit unproductive in the Bureau of Prisons for a short period of time. The goal of rehabilitation can best be served by a non-incarceration sentence.

## CONCLUSION

Sean Doran is just 21 years old. He committed a criminal act that was stupid, selfish and childish, an act which he deeply regrets. He has never spent time in jail. Since his arrest he has behaved like the serious and mature young man he is capable of being. He has gotten himself onto a good track, with a good job and efforts toward improving his education. He hopes to continue his education in the field of botany and would like to work in either masonry or landscaping. Prison will undo all the progress he has made since his arrest.

For the reasons set forth herein, the defendant, Sean Doran, respectfully requests that the Court impose a non-incarceration sentence and a term of probation. Such a sentence is within the advisory guideline range and will more than adequately serve all of the purposes of a criminal sentence.

Respectfully submitted,

THE DEFENDANT,
Sean Doran

FEDERAL DEFENDER OFFICE

Dated: July 22, 2013         /s/ Deirdre A. Murray
Deirdre A. Murray
Assistant Federal Defender
10 Columbus Blvd, 6th FL
Hartford, CT 06106
Phone: (860) 493-6260
Bar No.: ct22981
Email: deirdre_murray@fd.org